IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN REILLY,

    Petitioner,

v.                                       CASE NO. 4:10-cv-310-SPM-GRJ

LARRY CAMPBELL,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's conviction of one misdemeanor count of violating a domestic violence injunction. Doc. 1. Petitioner contends that his trial counsel rendered ineffective assistance, that he was denied his right to due process and equal protection, and that his conviction was unlawful in other respects. This matter is now before the Court on Doc. 31, Respondent's motion to dismiss the Petition for lack of jurisdiction because Petitioner's sentence had fully expired at the time the Petition was filed, and therefore Petitioner was not "in custody" pursuant to the sentence for purposes of 28 U.S.C. § 2254. For the following reasons, the undersigned recommends that the motion to dismiss be granted.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## State-Court Proceedings

The procedural history of this case is summarized in the motion to dismiss, and Respondent has provided the relevant state court records with the motion. Briefly, Petitioner was charged in 2007 with the misdemeanor offense of violating a domestic violence injunction. Response Exhibit A. Following his jury-trial conviction in Leon County, Petitioner was placed on probation with a suspended six month sentence. *Id*. Exh. B. Petitioner subsequently violated probation, and on January 12, 2010, he was sentenced to 180 days in the county jail, with his sentence to run concurrent with sentences he was serving in two felony cases. Petitioner was given 281 days' credit for time served, and accordingly his 180-day sentence was fully served on the date that it was imposed. *See id*. Exh. C. Petitioner was released from county jail in the summer of 2010, but he violated his community control and probation, and is now serving a sentence in state prison on felony convictions. The instant Petition was filed on July 23, 2010.

## Discussion

Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).

In *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition. In this case, the record reflects that at the

time the instant Petition was filed, Petitioner's sentence of incarceration had fully expired because on the date that he was sentenced – January 12, 2010 – he was given 281 days' credit for time served against his 180-day sentence.  *See* Exh. C.  While the expiration of a sentence during the pendency of a habeas petition does not render the petition moot, *see Jamerson v. Sec'y, Dept. Of Corr.*, 410 F.3d 682, 688 (11th Cir. 2005), in this case it is clear that Petitioner failed to meet the "in custody" requirement at the time the Petition was filed on July 23, 2010.

Petitioner contends that this Court should exercise jurisdiction over his petition because he was in custody pursuant to consecutive sentences imposed in two felony cases at the time the Petition was filed, and his misdemeanor conviction does not reflect which felony sentence it was to run concurrent with.  *See* Doc. 35.  Petitioner is mistaken.  First, as noted above, his misdemeanor conviction was fully served on the day that it was imposed.  Second, in *Garlotte v. Fordice*, 515 U.S. 39, 45-46 (1995), the Supreme Court held that *consecutive* sentences are viewed in the aggregate for purposes of the "in custody" requirement.  When a prisoner serving multiple consecutive sentences has completed one, but not all, habeas jurisdiction exists to challenge the conviction for the expired sentence, because invalidation of that conviction would advance the prisoner's release date. *Id*. at 47.  *Garlotte's* holding is applicable only to consecutive sentences, not to concurrent ones.  The fact that an expired consecutive sentence, if vacated, would advance the petitioner's release date was central to the holding that a prisoner could challenge the underlying conviction of an expired sentence in a habeas proceeding.  *Id.* at 47.  By contrast, a successful habeas action resulting in a vacated *concurrent* sentence – such as the 180-day

sentence at issue in this case – would have no effect on Petitioner's release date from his concurrent felony convictions and sentences.  *See Sweet v. McNeil* , 2009 WL 2974884, *1-*2 (11th Cir. 2009) (unpublished) (affirming dismissal of habeas petition for lack of subject matter jurisdiction because petitioner's 11-month and 29-day sentence that was concurrent with a life sentence had expired before the petition was filed).[2]

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 31, be **GRANTED,**  that this case be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

**IN CHAMBERS**  this 5th day of August 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2]Pursuant to 11th Cir. R. 36.2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.  Because it is clear that the Court lacks subject matter jurisdiction over the Petition, it is unnecessary to address the Respondent's alternative argument that Petitioner's claims are unexhausted.

*Case No: 4:10-cv-00310-SPM -GRJ*